**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KIM SWARTZ** | : | **CASE NO.:** |
| 2304 Beck Road | : | |
| Crestline, OH 44827 | : | |
| | : | |
| On behalf of himself and all others | : | |
| similarly situated | : | |
| | : | **WITH JURY DEMAND** |
| **PLAINTIFF,** | : | **ENDORSED HEREON** |
| | : | |
| v. | : | |
| | : | |
| **SMYTHE PROPERTY** | : | |
| **ADVISORS, LLC** | : | |
| c/o Statutory Agent Smdk Agency, Inc. | : | |
| 3401 Enterprise Parkway, Suite 200 | : | |
| Beachwood, OH 44122 | : | |
| | : | |
| **DEFENDANT.** | : | |

**COLLECTIVE ACTION COMPLAINT FOR DECLARATORY JUDGMENT AND
COMPENSATION UNDER 29 U.S.C. § 201, et seq. AND O.R.C. CHAPTER 4111**

### I.     PRELIMINARY STATEMENT

1.     Plaintiff Kim Swartz (hereinafter "Mr. Swartz" or "Plaintiff") brings this action, pursuant to 29 U.S.C. § 216(b) and Ohio law, as a collective action, on behalf of himself and all similarly-situated employees and former employees against Smythe Property Advisors, LLC, (hereinafter "Smythe Property" or "Defendant"). Mr. Swartz, on behalf of himself and all similarly-situated individuals, seeks appropriate monetary, declaratory, injunctive, and equitable relief; liquidated damages; attorneys' fees; costs; and interest under 28 U.S.C. §§ 2201 and 2202, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), and under Ohio's

laws regarding the payment of overtime pay and minimum wage, including O.R.C. Chapter 4111.

## II.     JURISDICTION AND VENUE

2.     This civil action arises under the Constitution and laws of the United States and the laws and common law of the State of Ohio.

3.     This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.     This Court has supplemental jurisdiction over Plaintiff's Ohio statutory claims pursuant to 28 U.S.C. § 1367.

5.     Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and N.D. Civ. R. 3.8(a) because the claims arose in the Northern District of Ohio where at all times material herein, the Plaintiff was employed by Defendant Smythe Property Advisors, LLC.

## III.     PARTIES

6.     Plaintiff Kim Swartz is an individual residing within Crawford County, Ohio, and the Northern District of Ohio.  Mr. Swartz is a former employee of Defendant Smythe Property Advisors, LLC, and worked at Defendant's Cedargate Apartments location in Galion, Ohio.

7.     Mr. Swartz has given his written consent to be party Plaintiff in this action pursuant to U.S.C. § 216(b), a true and accurate copy of which is appended hereto.

8.     Mr. Swartz brings this collective action on behalf of himself and on behalf of all other persons similarly situated who are current or former employees of Defendant who agree in writing to join the first cause of action seeking recovery under the FLSA.

9.     During all relevant times, Plaintiff and individuals similarly situated were employees covered by the FLSA and O.R.C. Chapter 4111.

10.    Defendant Smythe Property Advisors, LLC, is a limited liability company duly licensed to do business within the State of Ohio, and an "employer" within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.01(C).

## IV.    FACTS

11.    Defendant manages and maintains several apartment complexes within the state of Ohio.

12.    Plaintiff was employed by Defendant from July 2006 until May 2008 as a maintenance technician at Cedargate Apartments in Galion, Ohio.

13.    Plaintiff was paid on an hourly basis.  Plaintiff's hourly rate was approximately $10.30 per hour or approximately $721.00 for each two-week pay period worked for Defendant.

14.    Plaintiff worked seven (7) hour shifts, from 7:30 a.m. to 2:30 p.m., five days a week.

15.    In addition to these shifts, every other week, Plaintiff was required to be on-call seven days a week, from 2:30 p.m. to 7:30 a.m., a time period of seventeen (17) hours daily.

16.    Plaintiff's duties while employed for Defendant consisted of, but were not limited to, plumbing, electric, yard work, snow removal and any other duties necessary to maintain the apartment complex.

17.    When on-call, Plaintiff was "engaged to wait."  Plaintiff was required to wear a pager and respond to maintenance calls immediately.  As a result, Plaintiff was unable to carry on his own personal activities to any reasonable degree and was subject to discipline if he did not respond to calls immediately.

3

18.     Plaintiff was not paid for the time he was "engaged to wait" while on call.

19.     While employed by Defendant, Plaintiff was required to work more than forty (40) hours per week at least two weeks every month.

20.     Defendant did not pay any overtime pay to Plaintiff for hours worked beyond forty (40) in a workweek.

21.     At all relevant times, Plaintiff was entitled to overtime pay at an hourly rate not less than one and half times his regular hourly rate pursuant to 29 U.S.C. § 207.

22.     At all relevant times, Plaintiff was entitled to overtime pay at an hourly rate not less than one and half times his regular hourly rate pursuant to O.R.C. § 4111.03.

23.     At all relevant times, Plaintiff was entitled to pay at an hourly rate not less than the federal minimum per hour for each hour worked pursuant to 29 U.S.C. § 206.

24.     At all relevant times, Plaintiff was entitled to pay at an hourly rate not less than the Ohio minimum per hour for each hour worked pursuant to O.R.C. § 4111.02 and Section 2.34a of the Ohio Constitution.

25.     Defendant also employs other employees in the same capacity as Plaintiff.  These employees are similarly situated to Plaintiff.  Upon information and belief, these employees are called "maintenance" or "maintenance technicians."

### V.     COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff brings his overtime and minimum wage claims pursuant to 29 U.S.C. § 216(b) and O.R.C. § 4111.14(K) as a collective action on behalf of the following opt-in class:

> All current and former Smythe Property Advisors, LLC, maintenance workers employed throughout Ohio from July 1, 2006, to present, who were not paid at least the equivalent of one and a half times their regular hourly rate for any hours over forty worked and who were not paid at least the equivalent of an hourly

rate equal to the federal and Ohio minimum per hour for each hour worked.

27.     Defendant knowingly and willfully failed to pay its maintenance workers one and half times their normal hourly rate for hours worked over forty (40) on a week-to-week basis.

28.     In addition, Defendant knowingly and willfully failed to pay its maintenance workers a minimum wage on a week-to-week basis whenever Defendant required its maintenance workers to be on-call.

29.     Plaintiff is similarly situated to all former and current maintenance workers.

### VI.     FIRST CAUSE OF ACTION
### FLSA OVERTIME CLAIM (29 U.S.C. § 201 et seq.)

30.     Plaintiff incorporates paragraphs 1 through 29 as though fully rewritten herein.

31.     At all times material herein, Defendant denied all maintenance technicians overtime pay as required by law.

32.     Defendant has willfully violated the FLSA and the applicable regulations of the Department of Labor.

33.     At all times material herein, Mr. Swartz and all similarly-situated current and former maintenance employees were required to work, and often did work, more than 40 hours per week.

34.     Defendant has subsequently willfully refused to pay Plaintiff and all similarly-situated maintenance employees for hours worked in excess of 40 per week.

35.     As a result of the Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there has become due and owing to the Plaintiff and all similarly-situated maintenance employees amounts of overtime pay under the FLSA.

36.     Defendant is under a duty imposed by the FLSA, 29 U.S.C. Sec. 211(c), and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff and other employees similarly situated from which the amounts of the hours Plaintiff and all similarly-situated laborer and other employees worked.

## VII.   SECOND CAUSE OF ACTION
## STATE LAW OVERTIME CLAIM (O.R.C. § 4111.01, et seq.)

37.     Plaintiff hereby adopts and incorporates herein the allegations contained in paragraphs 1 through 36.

38.     Defendant's acts and omissions described herein violate O.R.C. Chapter 4111 and the applicable Ohio regulations.  There is therefore due and owing to the Plaintiff and all similarly-situated maintenance employees amounts of overtime pay under O.R.C. Chapter 4111.

## VIII.  THIRD CAUSE OF ACTION
## FLSA MINIMUM WAGE CLAIM (29 U.S.C. § 201, et seq.)

39.     Paragraphs 1 through 38 above are fully re-alleged and incorporated herein.

40.     During weeks in which Plaintiff and similarly situated employees were required to be on call, Defendant did not pay Plaintiff and similarly situated employees at least the equivalent of an hourly rate equal to the federal minimum per hour for each hour worked.

41.     By not doing so, Defendant has violated the FLSA, 29 U.S.C. § 206(a) and there is due and owing to Plaintiff and all similarly-situated employees amounts of compensation equal to the difference between the minimum wage required under the FLSA and the amount of pay actually paid by Defendant.

6

## IX.    FOURTH CAUSE OF ACTION
### STATE LAW MINIMUM WAGE CLAIM (O.R.C. § 4111.01 et seq.)

42.    Paragraphs 1 through 41 above are fully re-alleged and incorporated herein.

43.    During weeks in which Plaintiff and similarly situated employees were required to be on call, Defendant did not pay Plaintiff and similarly situated employees at least the equivalent of an hourly rate equal to the state minimum per hour for each hour worked.

44.    By not doing so, Defendant has violated O.R.C. § 4111.01 et seq. and there is due and owing to Plaintiff and all similarly-situated employees amounts of compensation equal to the difference between the minimum wage required under Ohio law and the amount of pay actually paid by Defendant.

## X.    PRAYER FOR RELIEF

WHEREFORE, the aforementioned Plaintiff on his own behalf and on behalf of others similarly situated, pray that this Court:

(a)    Issue an order permitting this litigation to proceed as a representative action;

(b)    Issue and post a notice to all similarly-situated employees that Plaintiff and all of its similarly-situated maintenance employees have filed an action for unpaid salary compensation under Federal and State Law in this matter, and attach a copy of said complaint, and, advise such employees that they have the right to join the action;

(c)    That all notices and correspondence required by this Court to be sent by Defendant to its employees and/or laborers be translated into the primary language of all employees, including but not limited to, Spanish;

(d)    Enter a declaratory judgment declaring that the Defendant has willfully and wrongfully violated their statutory obligations, and deprived the Plaintiff and all persons similarly-situated of their rights, protection and entitlement under law, as alleged herein;

7

(e)    Enter a permanent injunction restraining and preventing the Defendant from withholding the compensation that is due the Plaintiff and all and all of its similarly-situated maintenance employees and from further violating their rights under law;

(f)    Order a complete and accurate accounting of all the compensation to which the Plaintiff and all similarly-situated maintenance employees are entitled, as the Court may deem necessary;

(g)    Award the Plaintiff and all of its similarly-situated maintenance employees monetary damages in the form of back pay compensation, liquidated damages to the fullest extent permitted under federal and state law, and prejudgment and postjudgment interest on said amounts to the fullest extent permitted under federal and state law;

(h)    Award Plaintiff and all of its similarly-situated maintenance employees their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(i)    Grant such other relief as may be just and proper.

Respectfully submitted,

OLIVER LAW OFFICE

/s/ Jami S. Oliver
Jami S. Oliver (0061738)
132 Northwoods Blvd.
Columbus, OH 43235
Phone:  (614) 220-9100
Fax:  (866) 318-4580
joliver@jamioliver.com
*Trial Counsel for Plaintiff*

8

## JURY DEMAND

Plaintiffs request a trial by a jury of eight (8) persons.

OLIVER LAW OFFICE


 /s/  Jami S. Oliver
Jami S. Oliver (0061738)
*Trial Counsel for Plaintiff*

## CONSENT TO BRING 29 U.S.C. § 216(b) ACTION

I hereby consent to joining a civil action in the United States District Court for the

Northern District of Ohio, Eastern Division, styled as *Swartz v. Smythe Property Advisors, LLC*,

to recover unpaid compensation, additional damages and costs under 29 U.S.C. § 216(b) and

Ohio Law, and be represented by Jami S. Oliver of Oliver Law Office and Mark S. Granger of

Granger Co. LPA for the purpose of bringing such action.

9-11-09
DATE

SIGNATURE

Kim A Swartz
NAME (printed)

Maintenance, Tech
JOB TITLE

This consent form may be photocopied.