**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIM SWARTZ | : | CASE NO.: 1:10-cv-409 |
| 2304 Beck Road | : | |
| Crestline, OH 44827 | : | JUDGE NUGENT |
| | : | |
| | : | |
| PLAINTIFF, | : | THIRD AMENDED COMPLAINT |
| | : | |
| v. | : | |
| | : | WITH JURY DEMAND |
| SMYTHE PROPERTY | : | ENDORSED HEREON |
| ADVISORS, LLC | : | |
| c/o Statutory Agent Smdk Agency, Inc. | : | |
| 3401 Enterprise Parkway, Suite 200 | : | |
| Beachwood, OH 44122 | : | |
| | : | |
| and | : | |
| | : | |
| CEDAR-GALION CORPORATION | : | |
| c/o The Corporation Trust Company | : | |
| Corporation Trust Center | : | |
| 1209 Orange Street | : | |
| Wilmington, DE 19801 | : | |
| | : | |
| and | : | |
| | : | |
| CEDAR GATE, L.P. | : | |
| 1801 East 9th Street | : | |
| Suite 1600 | : | |
| Cleveland, OH  44114 | : | |
| | : | |
| and | : | |
| | : | |
| CHRISTOPHER E. SMYTHE | : | |
| 2931 Cortland Boulevard | : | |
| Shaker Heights, OH   44122 | : | |
| | : | |
| DEFENDANTS. | : | |

1

## AMENDED COMPLAINT
## PURSUANT TO 29 U.S.C. § 201, et seq AND O.R.C. CHAPTER 4111 et seq.

Plaintiff Kim Swartz (hereinafter "Mr. Swartz" or "Plaintiff") brings this action against Smythe Property Advisors, LLC, (hereinafter "Smythe Property" or "Defendant") and Cedar-Galion Corp. (hereinafter "Cedar-Galion" or "Defendant"), Cedar Gate, LP (hereinafter "Cedar Gate" or "Defendant"), and Mr. Christopher Smythe (hereinafter "Smythe" or "Defendant") seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and the Ohio Constitution, Oh. Const. §2.34a (the Ohio Wage Act, the OPPA, and Oh. Const. §2.34a will be collectively referred to as "the Ohio Acts").

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction over Plaintiff's claims arising from the Ohio Acts pursuant to 28 U.S.C. § 1367.

3. Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and N.D. Civ. R. 3.8(a) because the claims arose in the Northern District of Ohio where at all times material herein, the Plaintiff was employed by Defendants Smythe Property Advisors, LLC, Cedar Galion Corp., Cedar Gate LP, and Mr. Christopher Smythe.

### PARTIES

4. Plaintiff Kim Swartz is an individual residing within Crawford County, Ohio, and the Northern District of Ohio. Plaintiff is a former employee of Smythe Property, Cedar-

2

Galion, Cedar Gate LP, and Mr. Christopher Smythe and worked at Defendants' Cedargate Apartments location in Galion, Ohio.

5. During all relevant times, Plaintiff was an employee covered by the FLSA and the Ohio Acts.

6. Defendant Smythe Property Advisors, LLC, is a limited liability company duly licensed to do business within the State of Ohio, and an "employer" within the meaning of 29 U.S.C. § 203(d) and the Ohio Acts.

7. Defendant Cedar-Galion Corporation is a corporation duly licensed to do business within the State of Delaware, and an "employer' within the meaning of 29 U.S.C. § 203(d).

8. Defendant Cedar Gate, LP is a partnership duly licensed to do business within the State of Delaware, and an "employer" within the meaning of 29 U.S.C. §203(d).

9. Defendant Christopher Smythe is an individual and the sole proprietor of Smythe Property Advisors, LLC, and a shareholder in Cedar Gate LP, the general partner of Cedar Galion Corporation, and is an "employer" within the meaning of 29 U.S.C. §203(d).

10. Defendant Smythe Property Advisors, Defendant Cedar-Gallion Corporation, Defendant Cedar Gate, LP, and Defendant Christopher Smythe will hereinafter be collectively referred to as "Defendants."

<strong><u>FACTS</u></strong>

11. At all times material herein, Defendants were employers within the meaning of 29 U.S.C. §203(d) in that they acted directly and/or indirectly in the interest of Smythe Property Advisors, LLP, in relation to Plaintiff.  Moreover, they had operational

3

control over significant aspects of the day-to-day functions of Smythe Property Advisors, LLP, including compensation of the employees.

12. Pursuant to the corporate structure of the Defendants, Defendants jointly possess the power to control Plaintiff and all other workers.

13. At all times material herein Defendants were "employers" and "enterprises regularly engaged in interstate commerce" as defined in the FLSA, 29 U.S.C. § 203; "employers" within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.01(C); entities subject to the jurisdiction of O.R.C. § 4113.15 (A); and "employers" as that term is defined in Oh. Const. Art. §2.34a.

14. At all times material herein Defendants conducted business in interstate commerce by managing and maintaining several apartment complexes within the state of Ohio.

15. Plaintiff was employed by Defendant from July 2006 until May 2008 as a maintenance technician at Cedargate Apartments in Galion, Ohio.

16. Plaintiff was paid on an hourly basis.  Plaintiff's hourly rate was approximately $10.30 per hour or approximately $721.00 for each two-week pay period worked for Defendant.

17. Plaintiff worked seven (7) hour shifts, from 7:30 a.m. to 2:30 p.m., five days a week.

18. In addition to these shifts, every other week, Plaintiff was required to be on-call seven days a week, from 2:30 p.m. to 7:30 a.m., a time period of seventeen (17) hours daily.

19. Plaintiff's duties while employed for Defendant consisted of, but were not limited to, plumbing, electric, yard work, snow removal and any other duties necessary to maintain the apartment complex.

4

20. When on-call, Plaintiff was "engaged to wait."  Plaintiff was required to wear a pager and respond to maintenance calls immediately.  As a result, Plaintiff was unable to carry on his own personal activities to any reasonable degree and was subject to discipline if he did not respond to calls immediately.

21. Plaintiff was not paid for the time he was "engaged to wait" while on call.

22. While employed by Defendant, Plaintiff was required to work more than forty (40) hours per week at least two weeks every month.

23. Defendant did not pay any overtime pay to Plaintiff for hours worked beyond forty (40) in a workweek.

24. At all relevant times, Plaintiff was entitled to overtime pay at an hourly rate not less than one and half times his regular hourly rate pursuant to 29 U.S.C. § 207.

25. At all relevant times, Plaintiff was entitled to overtime pay at an hourly rate not less than one and half times his regular hourly rate pursuant to O.R.C. § 4111.03.

26. At all relevant times, Plaintiff was entitled to pay at an hourly rate not less than the federal minimum per hour for each hour worked pursuant to 29 U.S.C. § 206.

27. At all relevant times, Plaintiff was entitled to pay at an hourly rate not less than the Ohio minimum per hour for each hour worked pursuant to O.R.C. § 4111.02 and Section 2.34a of the Ohio Constitution.

28. At all relevant times, Plaintiff was entitled to receive a paycheck on or before the first of each month for all wages earned in the first half of the proceeding month and on or before the fifteenth day of each month for all wages earned in the second half of the preceding calendar month pursuant to O.R.C. § 4113.15.

## COUNT I

### (Alleging Overtime Violations of the FLSA)

29. Plaintiff incorporates paragraphs 1 through 28 as though fully rewritten herein.

30. The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(a)-(b).

31. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek.  *See* 29 U.S.C. § 207(a)(1).

32. Plaintiff  is a covered employee entitled to the FLSA's protections.

33. Defendants are covered employers required to comply with the FLSA's mandates.

34. At all times material herein, Defendants denied all maintenance technicians overtime pay as required by law.

35. Defendants have willfully violated the FLSA and the applicable regulations of the Department of Labor.

36. At all times material herein, Plaintiff was required to work, and often did work, more than 40 hours per week.

37. Defendants have subsequently willfully refused to pay Plaintiff for hours worked in excess of 40 per week.

38. As a result of the Defendants' violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there has become due and owing to the Plaintiff amounts of overtime pay under the FLSA.

39. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

6

## COUNT II

### (**Alleging Overtime Violations of the Ohio Wage Act**)

40. Plaintiff hereby adopts and incorporates herein the allegations contained in paragraphs 1 through 39.

41. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 *et seq.; see also* 29 U.S.C. § 206(b).

42. The Ohio Wage Act requires that employees receive overtime compensation (150%) "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

43. At all time relevant herein Defendants were covered employers required to comply with the Ohio Wage Act's mandates.

44. At all times material herein Plaintiff was a covered employee entitled to the Ohio Wage Act's protections.

45. Defendants violated the Ohio Wage Act with respect to Plaintiffs by failing to compensate him at the rate of (150%) one and one-half times his regular rate of pay for all hours worked in excess of forty hours in one workweek.

46. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

7

## COUNT III

### (Alleging Minimum Wage Violations of the FLSA)

47. Plaintiff hereby adopts and incorporates herein the allegations contained in paragraphs 1 through 46.

48. During the weeks in which Plaintiff was required to be on call, "engaged to wait," Defendants did not pay Plaintiff at least the equivalent of an hourly rate equal to the federal minimum per hour for each hour worked.

49. In violating the FLSA, Defendants acted willfully and with reckless disregard for clearly applicable FLSA provisions.

## COUNT IV

### (Alleging Minimum Wage Violations of the Ohio Wage Act)

50. Plaintiff hereby adopts and incorporates herein the allegations contained in paragraphs 1 through 49.

51. During weeks in which Plaintiff was required to be on call, "engaged to wait," Defendants did not pay Plaintiff at least the equivalent of an hourly rate equal to the Ohio minimum wage per hour for each hour worked.

52. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT V

### (Alleging Violations of the Ohio Constitution)

53. Plaintiff hereby adopts and incorporates herein the allegations contained in paragraphs 1 through 52.

8

54. During weeks in which Plaintiff was required to be on call, "engaged to wait," Defendants did not pay Plaintiff at least the equivalent of an hourly rate equal to the Ohio minimum per hour for each year worked.

55. In violating the Ohio Constitution, Defendants acted willfully and with reckless disregard of clearly applicable constitutional provisions.

## COUNT VI

### (Alleging Violations of the OPPA)

56. Plaintiff hereby adopts and incorporates herein the allegations contained in paragraphs 1 through 55.

57. At all times material herein Defendants were entities covered by the OPPA and Plaintiffs were employed by Defendants within the meaning of the OPPA.

58. The OPPA requires that Defendants pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

59. During weeks in which Plaintiff was required to be on call, "engaged to wait," Plaintiff was not paid wages for all hours worked, was not paid at the state or federal minimum wage, and was not paid overtime wages at 150% of his regular hourly rate within thirty (30) days of performing the work. *See*, O.R.C. §4113.15(B).

60. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

61. In violating the OPPA, Defendants acted willfully and with reckless disregard of clearly applicable Ohio law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. An injunction prohibiting Defendants from engaging in future violations of the FLSA, the Ohio Wage Act, the Ohio Constitution and the OPPA;

B. Compensatory and back pay damages to the fullest extent permitted under federal and state law;

C. Liquidated damages to the fullest extent permitted under federal and state law;

D. Litigation costs, expenses, and attorney fees to the fullest extent permitted under federal and state law; and

E. Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial as to all claims so triable.

Date: August 17, 2010　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　*/s/Robert E. DeRose*
　　　　　　　　　　　　　　　Robert E. DeRose
　　　　　　　　　　　　　　　Bar Number: 0055214
　　　　　　　　　　　　　　　Katherine A. Stone
　　　　　　　　　　　　　　　Bar Number: 0085600
　　　　　　　　　　　　　　　BARKAN NEFF HANDELMAN MEIZLISH, LLP
　　　　　　　　　　　　　　　360 S. Grant Avenue
　　　　　　　　　　　　　　　P.O. Box 1989
　　　　　　　　　　　　　　　Columbus, OH 43216-1989
　　　　　　　　　　　　　　　Phone: 614-221-4221
　　　　　　　　　　　　　　　Fax: 614-744-2300
　　　　　　　　　　　　　　　Email: bderose@bnhmlaw.com
　　　　　　　　　　　　　　　　　　kstone@bnhmlaw.com

　　　　　　　　　　　　　　　Jami S. Oliver
　　　　　　　　　　　　　　　Bar Number: 0061738
　　　　　　　　　　　　　　　OLIVER LAW OFFICES

132 Northwoods Blvd.
Columbus, OH 43235
Phone:  (614) 220-9100
Fax:  (866) 318-4580
Email: joliver@jamioliver.com

*Counsel for Plaintiff Swartz*